IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:22-cv-9446

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

EXECUTIVE DINING CLUB, INC. d/b/a
CAFÉ GUSTO,

     Defendant.

_____

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("Plaintiff") sues defendant Executive Dining Club, Inc. d/b/a Café Gusto ("Defendant"), and

alleges as follows:

### THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of

Florida with its principal place of business located in Broward County, Florida.

2.      Defendant is a corporation organized and existing under the laws of the State of

Delaware with its principal place of business located at 39 Sunset Drive, North Salem, NY 10560.

Defendant's agent for service of process is John Fetterolf, 39 Sunset Drive, North Salem, NY

10560.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with New York such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I.      Plaintiff's Business

6.      Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7.      Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8.      Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9.      Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10.      Plaintiff owns each of the photographs available for license on its website and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.    The Work at Issue in this Lawsuit

11.    In 2007, a professional photographer created a photograph titled "ColdCutAsst031" (the "<u>Work</u>").  A copy of the Work is exhibited below:



12.    The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the US Copyright Office on August 26, 2016 and was assigned Registration No. VA 2-014-921.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

13.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.   Defendant's Unlawful Activities

14.    Defendant is a Café providing gourmet food and first-rate catering services

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

throughout Manhattan, New York.

15.     Defendant advertises/markets its business primarily through its website

https://www.cafegustotogo.com) and other forms of advertising.

16.     On a date after Plaintiff's above-referenced copyright registration of the Work,

Defendant published the Work on its website (at

https://www.cafegustotogo.com/ShowMenu.tpl?cart=16673445042821411 2):



17.     A true and correct copy of a screenshot of Defendant's website, displaying the

copyrighted Work, is attached hereto as **Exhibit "B."**

18.     Defendant is not and has never been licensed to use or display any of the Work.

Defendant never contacted Plaintiff to seek permission to use the Work in connection with its

website, social media, print advertising, or for any other purpose – even though the Work that was

copied is clearly professional stock photography that would put Defendant on notice that the Work

was not intended for public use.

19.     Defendant utilized the Work for commercial use – namely, in connection with the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

marketing of its business.

20.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on November 8, 2019. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, however, Defendant has not responded to Plaintiff, thus necessitating the filing of this lawsuit to protect Plaintiff's rights with respect to the Work.

22.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, social media, and print advertising.

27.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

28.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

29.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright 2015 – 2022), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Defendant clearly understands that high-end food photography is not generally available for free or that such can simply be copied from the internet.

30.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31.      Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

34.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: November 4, 2022

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
     Daniel DeSouza, Esq.